IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION

| | |
|---|---|
| JEFF WILLIS, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM LIFE INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY AND STATE FARM HEALTH INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. |

## CLASS ACTION COMPLAINT

Plaintiff Jeff Willis ("Willis" or "Plaintiff") brings this Class Action Complaint against State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company and State Farm Health Insurance Company (collectively referred to throughout as "State Farm" or "Defendants"), and alleges as follows, upon personal knowledge as to him and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. This is a class action lawsuit brought on behalf of Plaintiff and all other persons similarly situated against State Farm for willful violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA") related to State Farm's use of consumer reports.

**JURISDICTION AND VENUE**

2. The Court has subject matter jurisdiction pursuant to 15 U.S.C. §1681p.

3. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims contained herein occurred in this District. *See* 28 U.S.C. §1391(b).

4. Jeff Willis is a resident of Madison County, Kentucky, and a "consumer" as defined by §1681a.

5. State Farm General Insurance Company is a foreign corporation doing business in this judicial district. At all times relevant hereto, said defendant was doing business throughout the United States, including this judicial district.

6. State Farm Mutual Automobile Insurance Company is a foreign corporation doing business in this judicial district. At all times relevant hereto, said defendant was doing business throughout the United States, including this judicial district.

7. State Farm Life Insurance Company is a foreign corporation doing business in this judicial district. At all relevant times hereto, said defendant was doing business throughout the United States, including this judicial district.

8. State Farm Fire and Casualty Company is a foreign corporation doing business in this judicial district. At all relevant times hereto, said defendant was doing business throughout the United States, including this judicial district.

9. State Farm Health Insurance Company is a foreign corporation doing business in this judicial district. At all relevant times hereto, said defendant was doing business throughout the United States, including this judicial district.

10. State Farm are all "persons" who use "consumer reports" to make "employment decisions" and take "adverse action" against "consumers," as those terms are defined by 15 U.S.C. §1681a.

11. In the course of soliciting and hiring employees, State Farm does not distinguish between itself and its many affiliates, divisions and agencies, such that all applicants apply with State Farm.

## FACTUAL ALLEGATIONS

12. In April 2012, Willis applied for employment with State Farm.

13. As part of his job application, Willis signed a document purportedly authorizing State Farm to obtain a consumer report for employment purposes.

14. The State Farm recruiter provided Willis with positive feedback about his credentials; however, the recruiter indicated that Willis must first pass a "background check."

15. On or about April 23, 2012, State Farm ordered a consumer report concerning Willis from LexisNexis. On April 23, 2012, in response to State Farm's request, LexisNexis provided State Farm with a consumer report concerning Willis, which included inaccurate derogatory information that grossly misrepresented Willis' credit worthiness.

16. Immediately after receiving Willis' consumer report, State Farm took adverse action against Willis by declining his application for employment. On April 24, 2012, State Farm notified Willis that he was withdrawn from the "State Farm Agency Career Track program." That same day, State Farm sent Willis a letter stating that it was "unable to consider you further for continuation in the Agency Career Track program." State Farm stated that its action was influenced by the report received from LexisNexis. State Farm enclosed a copy of the report with the letter informing Willis of the adverse action.

17. At no time prior to taking the adverse action towards Willis did State Farm provide him with a copy of his consumer report and a statement of his rights under the FCRA as required by 15 U.S.C. §1681b(b)(3)(A).

18. State Farm routinely obtains and uses consumer reports, including background reports, on its job applicants as part of a standard screening process.

19. State Farm does not perform these background checks in-house. Rather, State Farm obtains and uses consumer reports purchased from consumer reporting agencies.

20. State Farm typically does not provide job applicants with a copy of their consumer reports and a summary of their FCRA rights before it takes adverse action against them based on the information in such reports, despite being required to do so by §1681b(b)(3)(A) of the FCRA.

21. This practice violates one of the most fundamental protections afforded to job applicants under the FCRA, and also runs counter to longstanding regulatory guidance. The Federal Trade Commission ("FTC") has long held that Section 604(b)(3)(a) [15 U.S.C. § 1681b(b)(3)(A)] "requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information in case the report is inaccurate or incomplete." *See* Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq.

22. A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer

*before* taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate, or discuss the report with the prospective employer, before adverse action is taken. *See* Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken").

23. Consistent with that purpose, federal courts have held that the prospective employer must provide the report to the consumer "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report." *Williams v. Telespectrum, Inc.,* 2006 U.S. Dist. LEXIS 101162, at *18 (E.D. Va. November 7, 2006); *Beverly v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 2266 (E.D. Va. January 11, 2008) (quoting *Williams*). In *Reardon v. Closetmaid Corporation*, 2011 U.S. Dist. LEXIS 45373 (W.D. Pa. April 27, 2011), the court certified a class action for prospective employees who did not receive a copy of their credit report at least five days before being notified that the employer might take adverse action.

24. By means of these cases and others construing § 1681b(b)(3)(A), State Farm had substantial notice that its conduct violated the FCRA.

25. By failing to provide Plaintiff and other Class members with copies of their consumer reports and their FCRA rights prior to taking adverse action against them, State Farm willfully disregarded the case law, regulatory guidance, and the plain language of the FCRA, § 1681b(b)(3)(A).

26. State Farm's conduct was a result of its deliberate policies and practices, and was taken in reckless disregard for a consumer's rights under the FCRA, and further assumed an unjustifiably high risk of harm.

27. State Farm was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of State Farm.

## CLASS ACTION ALLEGATIONS

28. Pursuant to Fed. R. Civ. P. 23, Willis brings this action on behalf of the Classes (hereinafter collectively referred to as "the Classes") initially defined below:

Class A

All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, were denied employment or promotion by State Farm based in whole or in part upon a consumer report without being provided with a copy of that report and their rights under the FCRA by State Farm prior to such adverse action being taken; and

Class B

All natural persons residing within the United States and its Territories who, beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this action, were denied employment or promotion by State Farm based in whole or in part upon a consumer report without being provided with a copy of that report and their rights under the FCRA by State Farm prior to such adverse action being taken.

29. The Class members are so numerous that joinder of all members is impracticable. Upon information and belief, the Classes include thousands of consumers. State Farm employs over 65,000 employees and 18,000 agents. State Farm regularly obtains and uses information in consumer reports to conduct background checks on prospective and current employees and relies on such information, in whole or in part, as a basis for adverse action. Information concerning the exact size of the Classes is within the exclusive possession of State Farm.

30. Willis' claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories. State Farm typically uses

consumer reports to conduct background checks on prospective employees. State Farm typically does not provide copies of consumer reports to prospective employees before taking adverse action based on information in such reports.

31. Willis will fairly and adequately protect the interests of the Classes and has retained counsel competent and experienced in complex litigation, including FCRA class actions. Willis is a member of the Classes, and does not have any interests antagonistic to or in conflict with the Classes.

32. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including:

  A. Whether State Farm provided a copy of the consumer report to consumers before taking adverse action against such consumers based in whole or in part on information contained in the consumer report as required by 15 U.S.C. §1681b(b)(3)(A)(i);

  B. Whether State Farm provided a copy of the summary of consumers' rights under the FCRA before taking action against such consumers based in whole or in part on information contained in the consumer report as required by 15 U.S.C. §1681b(b)(3)(A)(ii); and

  C. Whether State Farm willfully failed to comply with the FCRA.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Classes is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

34. Further, the prosecution of several actions by individual members of the Classes may create inconsistent standards of conduct for those opposing the Classes. Additionally,

individual actions by members of the Classes may be dispositive of the interests of other members not parties to the adjudication of the claims, which would impair or impede the ability of those individuals to protect their interests.

**COUNT 1 – CLASS CLAIM**
**VIOLATION OF 15 U.S.C. §1681b(b)(3)(A)**

35. Willis adopts and incorporates the above-numbered paragraphs as if fully stated herein.

36. State Farm willfully violated 15 U.S.C. §1681b(b)(3)(A) by failing to provide a copy of the consumer report and the summary of FCRA rights required by this section to Willis and the members of Class A before taking adverse action that was based in whole or in part on a consumer report, for the time period beginning two years before this action was filed.

37. Willis and members of Class A each seek statutory damages of $100 to S1,000 pursuant to 15 U.S.C. §1681n(a)(1)(A).

38. Willis and members of Class A also seek punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n(a)(2).

**COUNT 2 – CLASS CLAIM**
**VIOLATION OF THE FCRA 15 U.S.C. §1681b(b)(3)(A)**

39. Willis adopts and incorporates the above-numbered paragraphs as if fully stated herein.

40. State Farm willfully violated 15 U.S.C. §1681b(b)(3)(A) by failing to provide a copy of the consumer report and the summary of FCRA rights required by this section to Willis and members of Class B before taking adverse action that was based in whole or in part on a consumer report, for the time period beginning five years before this action was filed.

41.     Willis and members of Class B each seek statutory damages of $100 to $1,000 pursuant to 15 U.S.C. §1681n(a)(1)(A).

42.     Willis and Class members also seek punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n(a)(2).

WHEREFORE, Willis and the Class members respectfully pray for the following relief:

    A.     An order certifying the proposed classes pursuant to Fed. R. Civ. P. 23 and appointing Willis and the undersigned counsel to represent the Classes;

    B.     The creation of a common fund available to provide notice of and remedy State Farm's unlawful conduct;

    C.     Statutory damages in the amount of not less than $100 and not more than $1,000 per Class member;

    D.     Punitive damages to be determined by the jury;

    E.     Attorney fees, expenses and costs; and

    F.     Pre-judgment and post-judgment interest as provided by law.

## JURY DEMAND

43.     Plaintiff demands a trial by jury as to all issues presented herein.

Respectfully submitted,

/s/  Mark K. Gray
Mark K. Gray
GRAY & WHITE
713 East Market Street, Suite 200
Louisville, Kentucky 40202
Telephone:    502-805-1800
Facsimile:    502-618-4059
Email:  mgray@grayandwhitelaw.com

Micah S. Adkins (motion for *pro hac vice* forthcoming)
BURKE HARVEY, LLC

One Highland Place
2151 Highland Avenue S., Suite 120
Birmingham, Alabama 35205-4008
Telephone:     205-747-1907
Facsimile:      205-930-9054
Email:  madkins@burkeharvey.com

Robert S. Sola (motion for *pro hac vice* forthcoming)
ROBERT S. SOLA, P.C.
8835 SW Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone:     503-295-6880
Facsimile:      503-291-9172
Email:  rssola@msn.com

*Attorneys for Plaintiff*